**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TYRONE LUCAS**,

**Petitioner,**

**v.**                                              **No. 15-0275-DRH**

**UNITED STATES OF AMERICA,**


**Respondent.**              <u>**MEMORANDUM and ORDER**</u>

**HERNDON, District Judge:**

 After pleading guilty to possession with intent to distribute cocaine base pursuant to a plea agreement, the Court sentenced Lucas to 63 months imprisonment on January 20, 2012. *See United States v. Lucas*, 11-30161-DRH; Docs. 27 & 28.   Lucas did not appeal his sentence, conviction or judgment. Thereafter, on December 18, 2014, the Court reduced Lucas' sentence pursuant 18 U.S.C. § 3582(c) based on the recently passed 782 Amendment.   *Id* at Doc. 36. Lucas did not appeal that Order.

 On March 11, 2015, Lucas filed a pleading titled a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1).   A review of this pleading reveals that Lucas is not attacking the validity of his sentence or judgment in his criminal case.   Thus, he is not seeking to set aside or modify his sentence.   Rather, the pleading reveals that he is seeking to enforce his sentence and to get the amount of credit he was given earlier that he claims that the

Bureau of Prisons took away from him.   Specifically, Lucas contends states: "FBOP for some unknown reason eliminated my jail time credit.   The FBOP for some unknown reason eliminated my previously awarded jail time credit, thus, extending my imprisonment. … Pursuant to a recent change in my sentence computation by the FBOP, my previously awarded credit for prior jail time specific to this instant offense of 209 dyas [sic], has now, for no unknown reason, has been decreased to 2 days jail time credit, thus, increasing my imprisonment at this institution for an additional 207 days."

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.   Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."   *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).   The authority to calculate a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, is delegated to the Attorney General, acting through the Bureau of Prisons. *United States v. Wilson,* 503 U.S. 329, 335 (1992). In instances, such as Lucas', where the prisoner believes the BOP has erred in its calculation of his federal sentence, the prisoner can challenge the execution of his sentence by bringing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *United States v. Tindall,* 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to

administrative review of the computation of their credits ... and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."), cert. denied, 549 U.S. 1152 (2007); *Romandine v. United States,* 206 F.3d 731, 736 (7th Cir. 2000). A writ will be issued when a prisoner can show that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3); *Romandine,* 206 F.3d at 736.   Thus, Lucas should have filed a 28 U.S.C. § 2241 petition instead of a 28 U.S.C. § 2255 motion.

Based on the above reasons, the Court **DISMISSES without prejudice** Lucas' 28 U.S.C. § 2255 petition.   The Court notes that Lucas should file a 28 U.S.C. § 2241 petition in the district court of imprisonment.

**IT IS SO ORDERED.**

Signed this 12th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.12 12:39:50 -05'00'

**United States District Judge**